UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------

PETER PINTO,

COMPLAINT FOR DEPRIVATION OF NUMEROUS CIVIL RIGHTS, HARASSMENT, INTIMIDATION, CONSPIRACY, CONSPIRACY WITH INTENT TO SWAY JUDGES AND BLOCK DUE PROCESS, FAILURE TO PROTECT PETER PINTO OR HIS PROPERTY, ABUSE OF POWER AND DISCRIMINATION BASED UPON GENDER

PLAINTIFF,

-AGAINST-

CV –

JOSEPH STANZIONE,  GREENE COUNTY DISTRICT ATTORNEY'S OFFICE, TERRY WILHELM, CATSKILL SHERIFF DEPARTMENT AND OFFICES OF GREENE COUNTY SHERIFF DEPARTMENT AND POLICE DEPARTMENT, OFFICER MEGHAN DOWNEY AND SERGEANT CHRISTMAN, WHO WAS THE ROAD SUPERVISOR ON DUTY SEPTEMBER 4, 2019 WHO WAS OFFICER MEGHAN DOWNEY'S SUPERVISOR AT THE TIME,AND SEARGEANT ON DUTY ON SEPTEMBER 4, 2019 IN CHARGE OF SHERIFF MEGHAN DOWNEY, AND JUDGE JENNIFER JENSEN OF SARATOGA FAMILY COURT,
               DEFENDANTS.

--------------------------------------------------------------------------------

PLAINTIFF ALLEGES:

1. DEFENDANTS VIOLATED 42 US CODE 1985 WHICH STATES:

2. **(2)OBSTRUCTING JUSTICE; INTIMIDATING PARTY, WITNESS, OR JUROR**
   If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

3. DEFENDANTS VIOLATED THE CIVIL RIGHTS ACT AND COMMITTED CRIMINAL ACTS OF HARASSMENT AND INTIMIDATION IN THREATENING PETER PINTO'S BODILY PERSON.

4. PURSUIT OF CRIMINAL CHARGES FOR FALSIFYING REPORTS BY OFFICERS OF THE LAW AND THE COURTS AND COURT OFFICIALS AGAINST A LAW ABIDING CITIZEN WITH NO RECORDS AGAINST HIM AND A 100% DISABLED VETERAN OF THE UNITED STATES NAVY.

5. COURT'S ABUSE OF POWER BY THE GREENE COUNTY FAMILY COURT AND THE SARATOGA FAMILY COURT.

6. PLAINTIFF PETER PINTO IS A LAW ABIDING CITIZEN WITH NO CRIMINAL RECORDS AGAINST HIM AND 100% DISABLED VETERAN OF THE UNITED STATES NAVY.

7. THIS IS AN ACTION PURSUANT TO THE CIVIL RIGHTS ACT OF 1871, 42 USCA SECTION 1983, AND 28 USCA SECTION 1343, SEEKING REDRESS FOR THE DEPRIVATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS. VENUE IS PROPER IN THIS DISTRICT, AS MOST OF THE ACTS COMPLAINED OF OCCURRED IN GREENE COUNTY, NEW YORK AND PLAINTIFF RESIDES IN DUTCHESS COUNTY, NEW YORK.

JURISDICTION

8. THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER 28 USCA SECTION 1343(A)(3) FOR A VIOLATION OF CONSTITUTIONAL RIGHTS AS PROVIDED IN 42 USCA SECTION 1983.  THE PLAINTIFF SEEKS INJUNCTIVE RELIEF AND MONETARY DAMAGES AND PUNTIVE DAMAGES AS WELL AS ATTORNEY FEES AND COSTS PURSUANT TO 42 USCA 1988.

9. THE PLAINTIFF SEEKS REDRESS FOR VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO THE SECOND AMENDMENT, FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES TO BE FREE FROM ILLEGAL

SEIZURES; THE PLAINTIFF'S RIGHT TO BE FREE FROM POLICE
HARASSMENT AND INTIMIDATION AS PROVIDED FOR IN THE
FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE
CONSTITUTION OF THE UNITED STATES; THE PLAINTIFF'S RIGHT
TO ACCESS TO THE COURTS AS PROVIDED FOR BY THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE
UNITED STATES; THE PLAINTIFF'S RIGHT TO BE FREE FROM
MALICIOUS PROSECUTION, MALICIOUS ABUSE OF PROCESS, AND
UNLAWFUL SEIZURE AS PROVIDED FOR BY THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE
UNITED STATES; AND THE PLAINTIFF'S RIGHT TO DUE PROCESS OF
LAW AS GUARANTEED BY THE FOURTH AND FOURTEENTH
AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

## IDENTITY OF THE PARTIES

10. THE PLAINTIFF PETER PINTO IS AN ADULT, LAW ABIDING CITIZEN
WITH NO CRIMINAL RECORDS AGAINST HIM AND A 100% DISABLED
NAVY VETERAN RESIDING AT 35 MOORE ROAD, TIVOLI, NEW YORK.

11. THE DEFENDANT MEGHAN DOWNEY AND DEFENDANT ROAD
SUPERVISOR SERGEANT CHRISTMAN WERE AT ALL TIMES RELEVANT TO
THE ALLEGATIONS CONTAINED IN THIS COMPLAINT DULY

APPOINTED SHERIFFS OR OFFICERS WITH GREENE COUNTY SHERIFF
AND WERE ACTING WITHIN THE NATURE AND SCOPE OF THE
DEFENDANTS' OFFICIAL DUTIES AS MEMBERS OF THE GREENE COUNTY
SHERIFF'S DEPARTMENT AND KNEW THE TRUE FACTS THAT MR. PINTO
ON SEPTEMBER 3, 2019 WAS ACCOMPANIED BY TROOPER CROUZZO
FROM THE HIGHLAND STATE TROOPER'S OFFICE WHO WAS ON DUTY
THAT DAY HELPING THE STATE TROOPER BARRACKS ON ROUTE 23.

TROOPER CROUZZO ESCORTED MR. PINTO TO MS. BERTONE'S 35
BETHEL RIDGE ROAD PROPERTY TO PICK UP HIS PERSONAL CLOTHING.
SO BOTH DEFENDANTS CHRISTMAN AND DOWNEY WERE AWARE THAT
MR. PINTO WAS NOT STALKING HIS WIFE AS ALLEGED BY LUCILLE
PINTO.

12. AT ALL TIMES RELEVANT TO THE ALLEGATIONS, DEFENDANT
MEGHAN DOWNEY AND DEFENDANT SERGEANT CHRISTMAN AS
MEMBERS OF THE GREENE COUNTY SHERIFF'S OFFICE ACTED UNDER
COLOR OF STATE LAW, REGULATIONS, CUSTOMS AND POLICIES. AT
THIS TIME MR. PINTO CALLED THE TROOPER BARRACKS ON ROUTE 23
AND ASKED HOW TO GET REPORTS ON OFFICER DOWNEY BECAUSE OF
HER ACTIONS. TROOPERS INSTRUCTED MR. PINTO TO CALL HER ROAD
SUPERVISOR THIS DAY SEPTEMBER 4, 2020.  SERGEANT CHRISTMAN IS
INVOLVED DIRECTLY BECAUSE HE WAS THE ROAD SUPERVISOR.

FACTS

1. THE DATE WHEN AND THE TIME WHERE THE CLAIM AROSE WAS

    ON SEPTEMBER 4, 2019 IN THE MORNING SHERIFF DOWNEY

    CALLED MR. PETER PINTO AT 8:42 AM AND ACCUSED MR. PINTO

    OF RIDING PAST LUCILE BERTONE PINTO'S PLACE OF BUSINESS

    AND THEIR HOUSE IN CATSKILLS TO DROP OFF THINGS SHE HAD

    REQUESTED AND THAT HE WAS STALKING HER. PETER PINTO

    TOLD SHERIFF DOWNEY TO CALL THE NEW YORK STATE

TROOPERS TO CONFIRM THAT PETER PINTO WAS WITH THE STATE TROOPERS THAT DAY. SHE CALLED PETER PINTO BACK AROUND 9:15 AM AND TOLD HIM SHE WAS GOING TO GET HIM OR FIX HIM OR TAKE CARE OF HIM. SHE SAID "WE OR I KNOW HOW TO TAKE CARE OF YOU".  THIS WAS WILLFUL, UNREASONABLE AND VERY THREATENING CONDUCT TO MR. PINTO.

2. SHERIFF DOWNEY STARTED TO USE A VERY LOUD AND THREATENING VOICE.  SHE TOLD MR. PINTO TO SHUT UP AND LISTEN TO ME! MR. PINTO BELIEVED SHE WAS CALLING ON A PRIVATE LINE.  SHE KEPT YELLING SHUT UP NOW YOU LISTEN TO ME.  I AM GOING TO FIX OR TAKE CARE OF YOU.  WE HAVE PHOTOS.  PETER PINTO BETTER WATCH HIMSELF. THIS WAS WILLFUL AND UNREASONABLE CONDUCT.

3. AT THIS POINT MR. PINTO CALLED THE TROOPER BARRACKS ON ROUTE 23 IN SOUTH CAIRO AND AT THAT TIME THE OFFICER ON THE PHONE SAID SHERIFF DOWNEY WAS ON THE OTHER LINE

AND HE WOULD TALK TO PETER PINTO AFTER HE FINISHED WITH

HER.  PETER PINTO TOLD HIM WHAT SHE ACCUSED PETER PINTO

OF AND HE SAID, "I TOLD HER YOU WERE WITH TROOPER

(CROUZZO) WHEN YOU WERE AT THE CATSKILL HOME TO GET

YOUR CLOTHES".

4. ABOUT THIRTY MINUTES LATER SHERIFF DOWNEY CALLED PETER

PINTO BACK, PETER PINTO ASSUMED TO SET THE RECORD

STRAIGHT, BUT IN FACT TOLD PETER PINTO THAT HE WAS A LIAR,

NO TROOPER WAS WITH PETER PINTO AND THERE WAS NO

REPORT TO THAT EFFECT, ONCE AGAIN GETTING LOUD AND

THREATENING AND TELLING PETER PINTO TO WATCH HIMSELF IN

A VERY THREATENING MANNER AGAIN.  SHE SAID SHE HAD

PICTURES OF PETER PINTO, HE WAS A LIAR AND SHE THREATENED

PETER PINTO THAT "WE WOULD TAKE CARE OF IT, WE WILL GET

YOU". THIS WAS WILLFUL AND UNREASONABLE CONDUCT.

5. ON SEPTEMBER 3, 2019 ACCOMPANIED BY TROOPER CROUZZO

WHO WAS ON DUTY THAT DAY TO HELPING THE ROUTE 23

OFFICE FROM THE HIGHLAND OFFICE, THERE WAS NO ORDER OF PROTECTION AGAINST PETER PINTO AT THIS TIME, BUT PETER PINTO KNEW TO ASK THE STATE TROOPER TO ACCOMPANY HIM FOR FEAR OF LUCILLE BERTONE'S CONTINUATION OF MAKING FALSE REPORTS. PETER PINTO EMAILED LUCILLE BERTONE AND HE EMAILED TOM KNAPP. THE TROOPERS CALLED LUCILLE BERTONE THAT MORNING AND SHE HUNG UP ON HIM. THE FACTS WERE MR. PINTO WAS ACCOMPANIED BY (TROOPER CROUZZO) THE DAY BEFORE TO RETRIEVE HIS PROPERTY AS A RESULT OF A PRE-ARRANGED MEETING TO OBAIN HIS PROPERTY.  MR. PINTO HAD ADVISED LUCILLE PINTO WELL IN ADVANCE OF HIS INTENT TO MEET THERE WITH POLICE TO OBTAIN HIS PROPERTY AND HE COMPLIED WITH ALL OF LUCILLE BERTONE'S REQUESTS TO RETRIEVE HER PROPERTY FROM HIM AS BEST AS HE COULD FIT IN THE TRUCK.

6. PETER PINTO CALLED THE STATE TROOPERS ON ROUTE 23 TO ASK HOW TO GET REPORTS ON SHERIFF DOWNEY BECAUSE OF HER

ACTIONS AND THE TROOPERS TOLD HIM TO CALL HER ROAD

SUPERVISOR ON THIS DAY, SEPTEMBER 4, 2019.

7. WHEN MR. PINTO CALLED SHERIFF DOWNEY'S ROAD

SUPERVISOR, SERGEANT CHRISTMAN ON SEPTEMBER 4, 2019

AND SAID THIS IS MR. PINTO, HIS FIRST WORDS WERE, "WHAT DO

YOU THINK THIS IS A CONSPIRACY?" BEFORE MR. PINTO COULD

GET A WORD OUT. PETER PINTO THEN SAID HE WANTED A

REPORT ON SHERIFF DOWNEY'S ACTIONS ON SEPTEMBER 4, 2019.

SERGEANT CHRISTMAN THEN ANSWERED, "I AM NOT GIVING YOU

ANYTHING. I DON'T WORK FOR YOU". AT THIS POINT MR. PINTO

SAID THAT HE WAS DOING WHAT THE TROOPERS INSTRUCTED

HIM TO DO, THAT SERGEANT CHRISTMAN'S WORDS THAT "I

DON'T WORK FOR THE F-ING TROOPERS EITHER", AT ALL TIMES

PETER PINTO WAS VERY PROPER AND RESPECTFUL. THIS WAS

WILLFUL AND UNREASONABLE CONDUCT BY DEFENDANT

SERGEANT CHRISTMAN.

8. ON SEPTEMBER 3, 2019 WE KNOW THIS TO BE TRUE BECAUSE

SHERIFF DOWNEY CALLED TROOPERS ON SEPTEMBER 4, 2019 TO

SEE IF PETER PINTO WAS TELLING HER THE TRUTH. PETER PINTO

REQUESTED A REPORT AS TO BEING WITH THE TROOPERS ON

SEPTEMBER 3, 2019 AND THE TROOPERS TOLD OFFICER DOWNEY

THAT MR. PINTO WAS ESCORTED TO THE PROPERTY ON

SEPTEMBER 3, 2019. THERE WAS A REPORT TO THAT EFFECT,

THEN THE TROOPERS HAD TO LOOK IT UP AND MAKE OFFICER

DOWNEY AWARE OF THE TROOPER'S ACTIONS ON SEPTEMBER 3,

2019.  SO IT HAS TO BE TRUE IF THERE WAS A REPORT TO THAT

EFFECT THAT TROOPERS LOOKED IT UP AND MADE SHERIFF

DOWNEY AWARE OF THE TROOPERS AND MR. PINTO'S ACTIONS

ON SEPTEMBER 3, 2019 SO DEFENDANTS KNOWINGLY AIDED,

AND ABBEDED IN THE FALSE ACTIONS ON SEPTEMBER 4, 2019.

THERE WAS NO POLICE REPORT TO GREENE COUNTY SHERIFF

FROM LUCILLE BERTONE PINTO ON SEPTEMBER 3, 2019 BECAUSE

WE MADE A FOIL REQUEST TO THAT EFFECT AND WAS TOLD

THERE WAS NO REPORT MADE BY HER. THIS IS VERY IMPORTANT

BECAUSE IT SHOWS THAT LUCILLE BERTONE PINTO WAS NEVER IN

FEAR OF PETER PINTO AND KNEW HE WAS IN SARATOGA AND

KNEW HE WAS NEVER ANY IMMEDIATE THREAT TO HER. SO WHY

WERE ALL OF THE FOLLOWING ACTIONS TAKEN ON SEPTEMBER 4,

2019 BY SHERIFF DOWNEY, SERGEANT CHRISTMAN, DISTRICT

ATTORNEY JOSEPH STANZIONE AND JUDGE TERRY WILHELM.

THEREFORE WE KNOW ALL DEFENDANTS KNOWINGLY ACTED ON

A FALSE POLICE REPORT AND KNOWINGLY AIDED AND ABEDDED

AND ACTED WILLFULLY AND UNREASONABLY.

9. SO IT IS VERY CLEAR THE ACTIONS BY DEFENDANTS WERE TAKEN

AS A RESULT OF PETER PINTO ASKING FOR POLICE REPORTS AND

ACTIONS TAKEN BY SHERIFF DOWNEY ON SEPTEMBER 4, 2019.

THIS IS A CLEAR CASE OF COVERING ONE SIX OR SIXES. ON

LUCILLE BERTONE'S APPLICATION FOR AN ORDER OF PROTECTION

SIGNED BY JUDGE TERRY WILHELM RIGHT ON THE TOP IT SAID IT

IS TO BE HEARD ON SEPTEMBER 30, 2019 IN SARATOGA FAMILY

COURT AND ON QUESTIONS 13 AND 14 OF SAID APPLICATION SHE

STATES IT IS IN NO OTHER COURT AND SHE HAS NOT SOUGHT

THIS APPLICATION REQUEST BEFORE. DEFENDANT JOSEPH

STANZIONE STATED TO PETER PINTO AND HIS ATTORNEY THAT

THE JUDGE SHOULD NOT HAVE SIGNED THIS ORDER OF

PROTECTION FOR THIS VERY REASON. SO WAS IT ASKED UPON

HIM TO DO SO ANYWAY.  WE WILL SHOW HOW THIS LOOKS VERY

CLEAR.

10.     IS THIS WHY THAT ON SEPTEMBER 4, 2019 AFTER OFFICER

DOWNEY'S CALLS TO PETER PINTO AND THEN PETER PINTO'S

CALLS TO HER ROAD SUPERVISOR, DID DEFENDANTS THEN PICK

UP LUCILLE BERTONE TO COVER SHERIFF DOWNEY'S CALLS

BECAUSE THERE WAS NO POLICE REPORTS OR INCIDENT REPORTS

AS OF SEPTEMBER 3, 2019. WAS SHERIFF DOWNEY'S CALLS TO

PETER PINTO OFF THE RECORDS TO TRY TO HARASS AND

INTIMIDATE PETER PINTO FROM AN INFORMAL CALL (REQUEST)

FROM LUCILLE BERTONE?

11.     ALL OF THESE ACTIONS SO QUICKLY TAKEN ON SEPTEMBER

4, 2019 AFTER PETER PINTO'S CALLS TO DEFENDANT DISTRICT

ATTORNEY JOSEPH STANZIONE. IF MRS. BERTONE PINTO WAS IN

SUCH DANGER IT IS FUNNY THAT NO ACTIONS WERE TAKEN

EARLY ON SEPTEMBER 3, 2019.  IN FACT WHEN THE HEARING

ORDERED BY JUDGE TERRY WILHELM TOOK PLACE ON

SEPTEMBER 25, 2019 AT GREENE COUNTY FAMILY COURT, MS.

BERTONE'S ATTORNEY SAID ON THE RECORD THE POLICE PICKED

HER UP AND HELPED HER FILL OUT THE APPLICATION FOR THE

ORDER OF PROTECTION OR THEY FILLED IT OUT FOR HER WHICH

WAS WILLFUL AND UNREASONABLE AND AIDED AND ABEDDED IN

A FALSE REPORT.

12.     JUDGE TERRY WILHELM'S ACTIONS OF THE ORDER OF

PROTECTION PRECLUDED MR. PINTO'S SECOND AMENDMENT

RIGHTS THEREBY HAVING NO PROTECTION AGAINST MRS.

BERTONE PINTO, AND HER BROTHER AND PUT PETER PINTO'S LIFE

IN DANGER FROM NOT ONLY MRS. BERTONE PINTO, HER

BROTHER AND WILD CATS ON HIS 35 MOORE ROAD PROPERTY

WHERE HE NEEDED TO BE. THIS WAS WILLFUL AND

UNREASONABLE ACTION BY DEFENDANT TERRY WILHELM.

13.    MR. PINTO CALLED SHERIFF DOWNEY'S ROAD SUPERVISOR

TO ASK HIM TO MAKE A REPORT OF THIS SHERIFF DOWNEY'S

ACTIONS AND THAT LUCILLE BERTONE WAS MAKING FALSE

CLAIMS AND REPORTS AS SHE WAS DOING IN THE PAST.  MR.

PINTO ALSO WANTED A REPORT ON HER WHY SHE WAS CALLING

PETER PINTO.

14.    HIS FIRST WORDS WERE DON'T TELL ME WHAT TO DO

BECAUSE YOU THINK THERE IS A CONSPIRACY.  THESE WERE HIS

WORDS.  PETER PINTO NEVER EVEN HINTED TO THAT EFFECT.  HE

SAID I AM WRITING NOTHING. PETER PINTO EXPLAINED THAT

THIS WAS WHAT THE TROOPERS TOLD HIM TO DO.  AND HE

YELLED "THE F-ING TROOPERS ARE NOT MY BOSS". THIS WAS

WILLFUL AND UNREASONABLE ACTION BY DEFENDANT SERGEANT

CHRISTMAN.

15.     SHERIFF DOWNEY AND HER SUPERVISORS KNEW AT THAT

TIME THAT THE STATE TROOPERS WERE WITH PETER PINTO

WHEN HE RETRIEVED SOME PROPERTY SO THEY KNOWINGLY

AIDED AND ABETTED LUCILLE BERTONE PINTO IN MAKING A

FALSE POLCE REPORT IN COLLUSION AND CONSPIRACY.  THIS WAS

WILLFUL AND UNREASONABLE BEHAVIOR BY DEFENDANTS

DOWNEY AND CHRISTMAN.

16.     DEFENDANTS ACTED ON A FALSE POLICE REPORT MADE BY

LUCILLE BERTONE AND KNOWINGLY AIDED AND ABEDDED HER

FULLY KNOWING THEY WERE ACTING ON A FALSE POLICE REPORT

MADE BY LUCILLE BERTONE, DEFENDANTS KNEW THAT IT WAS A

FALSE POLICE REPORT MADE BY LUCILLE BERTONE IN THAT THEY

VERIFIED IT WITH THE STATE TROOPERS. THE STATE TROOPER

BACKED IT UP THAT IT WAS A FALSE REPORT. MR. PINTO SHOWED

THE REPORT FROM THE TROOPERS TO THE FAMILY COURT JUDGE

SHOWING THAT THE TROOPERS WERE WITH HIM WHEN HE WENT

TO LUCILLE BERTONE'S TO EXCHANGE PROPERTY. MR. PINTO WAS

TOLD LATER THAT HE ALLEGEDLY WAS TRYING TO GET IN TOUCH

WITH LUCILLE BERTONE THROUGH A THIRD PARTY AT WHICH

TIME THERE WAS NO ORDER OF PROTECTION AGAINST PETER

PINTO.  THIS WAS WILLFUL AND UNREASONABLE BEHAVIOR BY

DEFENDANTS.

17.      LUCILLE BERTONE PINTO KNEW TROOPERS WERE WITH MR.

PETER PINTO BECAUSE THEY CALLED HER BEFORE AND SHE HUNG

UP ON THEM.  LUCILLE BERTONE FIRST TRIED TO MAKE A FALSE

REPORT WITH THE STATE TROOPERS SAYING MR. PINTO WAS

USING SOMEONE ELSE'S PHONE TO TEXT HER.  A TROOPER

CALLED PETER PINTO TO INFORM HIM OF HER ALLEGATIONS

INDICATING THAT THEY DID NOT THINK THAT SHE WAS CREDIBLE.

LUCILLE BERTONE PINTO HAS OWNED BUSINESSES IN GREENE

COUNTY FOR 50 YEARS AND SHE KNOWS JUST ABOUT EVERYONE

THERE AND DEFENDANTS ARE LOYAL TO HER CATSKILL BUSINESS

FOR 50 YEARS.

18.     AFTER PETER PINTO SPOKE WITH SHERIFF DOWNEY'S ROAD

SUPERVISOR, (DEFENDANT SERGEANT CHRISTMAN) PETER PINTO

CALLED THE TROOPERS BACK WHO TOLD PETER PINTO TO CALL

THE DISTRICT ATTORNEY.  DEFENDANT, JOSEPH STANZIONE, THE

DISTRICT ATTORNEY TOLD PETER PINTO THAT THEY WOULD

INVESTIGATE WITHIN THE HOUR WHICH ONLY LED TO THE FACT

THAT LUCILLE BERTONE WAS PICKED UP AIDED BY DEFENDANTS

GREENE COUNTY SHERIFF IN FILLING OUT A FALSE REPORT.  THE

JUDGE, DEFENDANT TERRY WILHELM SIGNED OFF ON AN ORDER

OF PROTECTION KNOWING HE COULDN'T DO SO BECAUSE THE

CASE WAS ALREADY PENDING IN SARATOGA.  THE ORDER HAD TO

COME FROM A HIGH PLACE TO TAKE ALL THESE ACTIONS.

LUCILLE BERTONE PINTO WAS PICKED UP ONLY AFTER PETER

PINTO MADE INQUIRIES TO THE DEFENDANT DISTRICT ATTORNEY

JOSEPH STANZIONE. THESE WERE WILLFUL AND UNREASONABLE

ACTIONS OF DEFENDANTS. IT CLEARLY SEEMS EVIDENT THAT

THESE ACTIONS HAD TO BE STARTED BY MR. PINTO'S INQUIRY TO

THE DISTRICT ATTORNEY AND THE DA THEN HAVING TO TAKE

ACTION TO COVER DEFENDANTS' UNLAWFUL ACTIONS.

19.     DEFENDANTS ARE GUILTY OF MALICIOUS PROSECUTION

BECAUSE DEFENDANTS, JOSEPH STANZIONE, TERRY WILHELM,

DOWNEY AND CHRISTMAN WRONGLY DEPRIVED PETER PINTO OF

HIS FOURTEENTH AMENDMENT RIGHT TO LIBERTY.  DEFENDANTS

COMMENCED A CRIMINAL PROCEEDING IN THAT THEY AIDED

AND ABETTED A FALSE FAMILY COURT PETITION OF LUCILLE

BERTONE, KNOWING THE CASE WAS ALREADY PENDING IN

SARATOGA COUNTY, TOOK PETER PINTO (DISABLED VETERAN)'S

WEAPONS SO HE WAS UNABLE TO PROTECT HIMSELF, AND THE

PROCEEDING ENDED IN VICTIM, PETER PINTO'S FAVOR BECAUSE

THE GREENE COUNTY FAMILY COURT PETITION AGAINST HIM

WAS DISMISSED UPON MOTION.  THERE WAS NO PROBABLE

CAUSE AND THE PROCEEDING WAS BROUGHT WITH MALICE

TOWARD THE VICTIM, PETER PINTO. THESE WERE

UNREASONABLE AND VISCIOUS ACTIONS BY DEFENDANTS.

20.     PETER PINTO IS A DISABLED VETERAN. MR. PINTO HAD TO

RETURN TO HIS HOUSE IN RED HOOK WHICH PLACED HIM IN

GRAVE DANGER WITH THE WILD LIONS ON HIS PROPERTY AND

THIS CAN BE VERIFIED BY THE POLICE THAT HE SHOULD NOT GO

ON HIS PROPERTY WITHOUT A WEAPON.  JOHN, THE STATE

TROOPER, STATED THAT CATS RUN ALL OVER HIS PROPERTY, MR.

PINTO WAS CHASED NEAR HIS POND, A LARGE CAT ALMOST

ATTACKED HIM.

21.     MR. PINTO HAS REQUIRED HOSPITALIZATIONS AS A RESULT

OF ALL OF THIS.

22.     ON THAT VERY AFTERNOON OF SHERIFF DOWNEY'S PHONE

CALLS TO MR. PINTO HE BELIEVES THEY TOLD HER TO MAKE A

CLAIM IN FAMILY COURT,  EVEN THOUGH THERE WAS A PENDING

FAMILY COURT TRIAL SET FOR SEPT 30TH 2019 IN SARATOGA

FAMILY COURT IN BALLSTON SPA, NY.  THIS IS WHERE THEY WERE

ALL TRYING TO COVER THEIR ACTIONS AND COMMITTED THE

CRIMES OF AIDING AND ABETTING AND OTHER UNLAWFUL

ACTIONS.

23.     ON THE EVENING OF SEPTEMBER 4, 2019 SHORTLY AFTER

6:30 PM TWO SARATOGA COUNTY SHERIFFS CARS AND TWO

OFFICERS ARRIVED TO SERVE MR. PINTO WITH AN ORDER OF

PROTECTION. AS A RESULT OF THE FALSE POLICE REPORTS AND

HER CLAIMS HE WAS FORCED TO SURRENDER ALL WEAPONS.

MR. PINTO HAPPENED TO BE ON THE PHONE WITH HIS LAWYER,

PAMELA GABIGER WITH VERY GRAVE CONCERNS AND FEAR OF

HER FALSE REPORTS LEADING TO AN OFFICER RESPONDING TO A

DOMESTIC CALL AND OVERREACTING, HE FELT SHE WAS PUTTING

HIM IN HARMS WAY. THIS SURRENDERING OF HIS WEAPONS IS IN

VIOLATION OF HIS SECOND AMENDMENT RIGHTS TO BE ABLE TO

PROTECT HIMSELF.

24.     PETER PINTO IS A DISABLED VETERAN AND WAS NOT ABLE

TO PROTECT HIMSELF WITHOUT HIS WEAPON. HIS LIFE WAS IN

DANGER BECAUSE THE POLICE OFFICERS TOLD HIM THAT THEY

WERE FAMILIAR WITH LUCILLE BERTONE'S BROTHER WHO LIVED

AROUND THE CORNER IN STILLWATER, NY AND ACKNOWLEDGED

THAT HE COULD BE A THREAT TO MR. PINTO AND TOLD MR.

PINTO TO CALL THE POLICE IF ANYTHING HAPPENED WHERE MR.

PINTO THEN TOLD THE POLICE THAT THE POLICE TAKE ONE HOUR

TO GET THERE.

25.     AS A RESULT OF ALL OF THIS STRESS PETER PINTO HAD TO

BE HOSPITALIZED AND HIS BLOOD PRESSURE WAS 149 OVER 96

WHEN IT IS USUALLY 113 OVER 70.  ON SEPTEMBER 6, 2019 IT

WAS 200 OVER 151. HIS ACID REFLUX WAS SEVERELY

AGGRAVATED THAT THEY HAD TO GIVE HIM G.I. COCKTAILS. HE

HAS HAD VERY SEVERE HEADACHES SINCE THE EVENING OF

SEPTEMBER 4, 2019.  HE HAS PAIN IN HIS CHEST AND BURNING

AND HIS BLOOD PRESSURE HAS BEEN FLUCTUATING. ON

SEPTEMBER 5, 2019 PETER PINTO WAS IN SARATOGA HOSPITAL

AND WHEN HE WAS RECEIVED IN THE EMERGENCY ROOM HE

COULD BARELY SPEAK AND HE IS STILL BATTLING SEVERE

EXACERBATION OF HIS ACID REFLUX ON A DAILY BASIS WHICH

WAS EXACERBATED AS IT ALWAYS IS IN TIMES OF TURMOIL.

26.     LUCILLE BERTONE IS PUTTING PETER PINTO'S LIFE IN

DANGER BECAUSE POLICE ARE ALREADY ON GUARD WITH

ALLEGED DOMESTIC INCIDENTS SO IF POLICE SEE MR. PINTO

WITH A CELL PHONE THEY MIGHT THINK THAT IT IS A GUN AND

SHOOT HIM.

27.     DEFENDANT SHERIFF DOWNEY WAS THREATENING,

HARASSING AND CAUSED UNDUE HARASSMENT AND

PERSECUTION OF PETER PINTO.

28.     DEFENDANT GREENE COUNTY SHERIFF TOLD PETER PINTO

THEY WOULD KNOW WHO BROKE THE WINDSHIELD, HOWEVER

THEY PRESSED PETER PINTO TO DROP THE CHARGES. THEY DID AN

IMPROPER INVESTIGATION AND REFUSED TO PULL THE TAPE.

DEFENDANT JOSEPH STANZIONE REFUSED TO PULL THE TAPE.

DEFENDANTS FAILED TO PROVIDE SERVICES TO PETER PINTO AS A

CITIZEN.  PETER PINTO IS STILL VERY AFRAID TO GO TO GREENE

COUNTY AND WE WILL SHOW CAUSE LATER IN OUR COMPLAINT

FAILURE TO PROTECT AND DENY PROPER INVESTIGATIONS TO

PETER PINTO.

29.     GREENE COUNTY POLICE DEPARTMENT AND GREENE

COUNTY SHERIFF'S OFFICE IS GUILTY OF DERELICTION OF DUTY IN

SUPPLYING INADEQUATE PROTECTION TO PETER PINTO, PARTLY

DUE TO  HIS GENDER AND THEIR BIAS AND FAVORITISM TOWARD

LUCILLE BERTONE PINTO AS HIS WINDOW WAS BROKEN WHILE IN

THE COURT PARKING LOT WHICH IS ALSO IN FRONT OF THE

CATSKILL POLICE STATION.  THERE WAS A 360 DEGREE CAMERA 8

FEET BEHIND PETER PINTO'S TRUCK WHERE ALL PARTIES FAILED

TO RETRIEVE THREE AND ONE HALF HOURS OF TAPE FROM SAID

CAMERA.  THEY DID SAY FIXED CAMERA ON WALL DID SHOW HIS

TRUCK COMING INTO THE PARKING LOT WITH NO BROKEN

WINDSHIELD AND LEAVING WITH A BROKEN WINDSHIELD. MR.

PINTO HAS CONCERNS AS TO WHO BROKE IT AND BELIEVES IT

MAY HAVE EVEN BEEN SHERIFF DOWNEY OR POLICE AS THEY

KEPT ASKING PETER PINTO TO DROP CHARGES IF THEY FOUND

OUT WHO DID IT. YES THE CARDS ARE STACKED AGAINST PETER

PINTO WHEN IT COMES TO GREENE COUNTY.  PETER PINTO'S

LAWYER WAS ONLY GIVEN A FEW MINUTES OF TAPE, NOT THE

FULL THREE AND ONE HALF HOUR TAPE WHICH WAS DENIED

UNDER THE FREEDOM OF INFORMATION ACT. NOW ONE CAN

UNDERSTAND THE FEARS AND CONCERNS OF MR. PINTO EVER

ENTERING GREENE COUNTY FOR THESE REASONS.

30.     DEFENDANTS ASSISTED, HELPED, AIDED AND ABETTED

LUCILLE BERTONE TO FILE A FALSE REPORT. DEFENDANTS, JUDGE

TERRY WILHELM, DEFENDANT DISTRICT ATTORNEY JOSEPH

STANZIONE, DEFENDANT SHERIFF DOWNEY AND DEFENDANT

SHERIFF DOWNEY'S ROAD SUPERVISOR KNEW IT WAS A FALSE

REPORT. ALL DEFENDANTS AIDED AND ABBEDED LUCILLE

BERTONE IN MAKING A FALSE REPORT.

31.     WHO ELSE COULD HAVE PULLED STRINGS SO QUICKLY BY

HAVING LUCILLE BERTONE PINTO PICKED UP AND HAVING

DEFENDANT JUDGE TERRY WILHELM SIGN AN ORDER OF

PROTECTION AND ONLY AFTER PETER PINTO CALLED THE DA. WE

WILL SHOW AGAINST DEFENDANT DISTRICT ATTORNEY JOSEPH

STANZIONE.  WE WILL SHOW LATER OTHER OBSTACLES AND

BLOCKS OF PETER PINTOS RIGHTS ON THE PART OF GREENE

COUNTY DISTRICT ATTORNEY JOSEPH STANZIONE.

AS AND FOR A THIRD CAUSE OF ACTION

32.      PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND

EVERY ALLEGATION CONTAINED IN PARAGRAPHS DESIGNATED

"1" THROUGH "32" ABOVE AS IF SET FORTH AT LENGTH HEREIN.

33.      PLAINTIFF IS BEING TREATED DIFFERENTLY BASED UPON THE

FACT THAT HE IS A MAN AND HIS WIFE LUCILLE BERTONE IS A

WOMAN. HAD MR. PINTO DONE TO MRS. PINTO WHAT MRS.

PINTO DID TO MR. PINTO, HE WOULD HAVE BEEN IMMEDIATELY

PICKED UP AND ARRESTED.  SHE IS TREATED DIFFERENTLY

BECAUSE SHE IS A WOMAN AND HE IS A MAN IN VIOLATION OF

HIS RIGHT TO BE TREATED EQUALLY UNDER THE EQUAL

PROTECTION CLAUSE OF THE CONSTITUTION.

34.     DEFENDANT JUDGE TERRY WILHELM USED UNDUE

PERSECUTION AGAINST PETER PINTO BY PULLING HIS 2ND

AMENDMENT RIGHT AND DISCRIMINATED AGAINST HIM BASED

UPON THE FACT THAT HE IS A MALE AND LUCILLE BERTONE IS A

FEMALE. DEFENDANT JUDGE WILHELM KNEW THE REPORTS

WERE FALSE BECAUSE PETER PINTO TOLD HIM THEY WERE FALSE

AND SHOWED HIM PROOF OF THE POLICE REPORT THAT MR.

PINTO WAS WITH TROOPER CROUZZO ON SEPTEMBER 3, 2019. IT

SAID ON TOP OF THE APPLICATION FOR ORDER OF PROTECTION

"PENDING IN SARATOGA" AND SHE DENIED THAT THERE WAS

ANOTHER ACTION PENDING ON QUESTIONS 13 AND 14. THIS WAS

ABUSE OF POWER AND INTIMIDATION. MRS. BERTONE PINTO

HAS BROKEN THE ORDER OF PROTECTION ON FOUR OCCASIONS

PROTECTED ALL THE WHILE BY DEFENDANT JOSEPH STANZIONE

WHO EVEN REFUSES TO TAKE INTO EVIDENCE OR VIEW SAID

EVIDENCE WHERE MRS. BERTONE PINTO IS COMMITTING A

FELONY AND EVEN FAILURE TO INVESTIGATE SAME.

35.    WHEN LUCILLE BERTONE FILED HER PETITION IN GREENE

COUNTY IT SAID ON THERE, IS THERE ANY OTHER PROCEEDING

PENDING IN ANOTHER COURT INVOLVING THE SAME MATTERS

AND SHE ANSWERED NO.  DEFENDANT TERRY WILHELM WAS

EVEN SHOWN THE PROOF TO THAT EFFECT.  LATER HE WAS

FORCED TO DROP ALL THE CHARGES AND TRIAL DUE TO FALSE

APPLICATION BACKED UP BY THE THIRD JUDICIAL COURTS AND

PETER PINTO HAD HIS ATTORNEY PUT MOTIONS IN WHEN MR.

PINTO GAVE HIM IN EVIDENCE THE TROOPER REPORTS OF

SEPTEMBER 3, 2019 WHICH SHOWED IN FACT THAT PETER PINTO

WAS NOT STALKING HIS WIFE BUT WAS WITH STATE TROOPERS

TO RETRIEVE HIS CLOTHES.  HE ABUSED HIS POWER BY TELLING

PETER PINTO HE WAS GOING TO HOLD A TRIAL ANYWAY WHEN

HE KNEW THE APPLICATION WAS FALSE.

36.     DEFENDANT TERRY WILHELM PUT A FALSE ORDER OF

PROTECTION ON MR. PINTO WHEREBY DIRECTING POLICE

OFFICERS TO PICK UP HIS PISTOL PERMIT AND WEAPONS, IN

VIOLATION OF HIS SECOND AMENDMENT RIGHTS.

37.     ON APPROXIMATELY SEPTEMBER 25, 2019 PETER PINTO'S

TRUCK WAS VANDALIZED WHEN HE WENT TO FAMILY COURT IN

GREENE COUNTY.

38.     DEFENDANT JOSEPH STANZIONE FAILED TO PROVIDE

SERVICES TO PETER PINTO, HE WOULD NOT INVESTIGATE PETER

PINTO'S BROKEN WINDSHIELD, OR LISTEN TO A TAPE RECORDING

OF LUCILLE BERTONE STATING THAT SHE HANDLED BULLETS AND

TRANSFERRED THEM TO PETER PINTO IN VIOLATION OF THE

ORDER OF PROTECTION, WOULD NOT VIEW OR EXAMINE THE

EVIDENCE OF THE BULLETS, HE DIDN'T AFFORD PETER PINTO THE

SAME PRIVILEGES THAT HE WOULD TO ANOTHER CITIZEN, NOR

WOULD HE HAVE AFFORDED TO PETER PINTO'S WIFE, LUCILLE

BERTONE PINTO. DEFENDANT WAS BIASED AGAINST PETER

PINTO.  HE DOESN'T WANT TO RECEIVE EVIDENCE OF A TAPE

RECORDING, A FELONY CHARGE, A DERELICTION OF DUTY AND

OATH TO PROVIDE EQUAL RIGHTS TO ALL AND FAILURE TO

FULFILL HIS DUTIES AS DISTRICT ATTORNEY AND SHOWING

EXTREME BIAS IN FAVOR OF MRS. PINTO.

39.      DEFENDANTS WOULD NOT EVEN INVESTIGATE PETER

PINTO'S SMASHED WINDSHIELD IN THE PARKING LOT,

DEFENDANT JOSEPH STANZIONE WOULDN'T EVEN INVESTIGATE

OR TAKE EVIDENCE FROM PETER PINTO CONSISTING OF A TAPE

RECORDING OF LUCILLE BERTONE HANDLING THE BULLETS THAT

SHE TRANSFERRED TO PETER PINTO IN VIOLATION OF THE ORDER

OF PROTECTION (WHICH IS A FELONY). HE SAID HE DIDN'T WANT

THAT TAPE AND HE WASN'T GOING TO LISTEN TO IT.  WHEN

PETER PINTO ASKED FOR THE 3 AND ONE HALF HOURS OF TAPE

OF PETER PINTO'S TRUCK ON 9/25/19 NO ONE WOULD PULL THE

360 DEGREE CAMERA TAPE.

40.    THE DISTRICT ATTORNEY HAS THE RIGHT NOT TO

PROSECUTE ON A ONE TO ONE BASIS BUT LUCILLE BERTONE HAS

COMMITTED HORRENDOUS ACTS OF VIOLENCE AND VIOLATIONS

OF COURT ORDERS (AND FELONIES). PLAINTIFF IS IN GRAVE

DANGER CONTINOUSLY ESCALATED BECAUSE THE DISTRICT

ATTORNEY FAILED TO ACT. MR. PINTO DOESN'T KNOW WHERE HE

WILL END UP IN THE FUTURE.

41.    MR. PINTO SUFFERED EXTREME PAIN, ULCERS AND NEEDS

FURTHER TESTING SOLELY AS A RESULT OF WHAT DEFENDANTS

DID TO HIM. PLAINTIFF ENDED UP IN THE HOSPITAL WITH E-COLI

POISONING IN HIS BLOODSTREAM WHICH WAS INGESTED.  THE

PLAINTIFF WAS IN THE RESTAURANT BUSINESS IN EXCESS OF 40

YEARS AND KNOWS AND IS AN EXPERT IN FOOD SANITATION.

THIS ONLY HAPPENED ONE DAY AFTER A NEW LIFE INSURANCE

POLICY WENT INTO EFFECT ON MR. PINTO'S LIFE FOR THE

BENEFIT OF LUCILLE BERTONE PINTO THAT SHE PAID FOR IN FULL

IN THE BENEFIT AMOUNT OF THREE HUNDRED FIFTY THOUSAND

AND NO/100 ($350,000.00) DOLLARS.  IT TOOK THREE WEEKS FOR

THE POLICY TO BE APPROVED, NEXT DAY POISONING, WHAT A

COINCIDENCE.  MRS. BERTONE SAID THAT SHE HAD DONE VERY

BAD THINGS IN THE PAST, FUNNY HER EX-HUSBAND ENDED UP

WITH A COLOSTOMY BAG ON HIS SIDE WHICH THEY ATTRIBUTED

TO DIVERTICULOSIS.  THIS IS WHAT THEY THOUGHT PETER PINTO

HAD BUT THE HOSPITAL REPORT SHOWS NO EVIDENCE OF

DIVERTICULOSIS WHATSOEVER.  WE HAVE BEEN TRYING TO HAVE

FURTHER TESTING DONE BUT HAVE BEEN PUT OFF DUE TO

CORONAVIRUS TO DATE.

42.     DEFENDANT JOSEPH STANZIONE BROKE PETER PINTO'S CIVIL

RIGHTS AND INTIMIDATED HIM BY THROWING PAPERS BACK AT

PETER PINTO AND THEN JOSEPH STANZIONE WAS SHOWN A COPY

OF A POLICE REPORT SHOWING THAT LUCILLE BERTONE LIED

BECAUSE PETER PINTO WAS WITH HIS ATTORNEY PAMELA

GABIGER AT 4:30 PM ON SEPTEMBER 3, 2019 WHEN LUCILLE

BERTONE CLAIMED PETER PINTO WAS STALKING HER.

DEFENDANT STATED THAT IF WE PROVED THAT WHICH WE DID

HE WOULD TAKE CARE OF IT BUT HE DID NOT PROSECUTE.

AS AND FOR A FOURTH CAUSE OF ACTION

43.     PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND

EVERY ALLEGATION CONTAINED IN PARAGRAPHS "1" THROUGH

"42" ABOVE AS IF SET FORTH AT LENGTH HEREIN.

44.     ON APPROXIMATELY SEPTEMBER 25, 2019, PETER PINTO

ADVISED DEFENDANT JUDGE TERRY WILHELM OF GREENE

COUNTY FAMILY COURT THAT THIS ACTION WAS ALREADY

PENDING IN SARATOGA COUNTY AND PETER PINTO GAVE HIM

THE POLICE REPORT TO WHICH HE RESPONDED THAT HE DID NOT

CARE, HE WAS GOING TO HOLD THE TRIAL ANYWAY. PETER PINTO

ADVISED DEFENDANT JUDGE TERRY WILHELM THAT LUCILLE

BERTONE FILED A FALSE REPORT AND DEFENDANT JUDGE TERRY

WILHELM STATED THAT HE DID NOT CARE HE WAS GOING TO

HOLD A TRIAL ANYWAY. DEFENDANT JUDGE TERRY WILHELM

WAS ADVISED THAT WE HAVE A CASE PENDING AGAINST THE

SHERIFF'S DEPARTMENT AND HE RESPONDED THAT HE HAD NO

ETHICAL PROBLEM WITH THAT. ATTORNEY MARK JOHN SACCO

STATED, "IT DOESN'T AFFECT US".

45.     EVEN DEFENDANT DISTRICT ATTORNEY STATED THAT

LUCILLE BERTONE FILED A FALSE REPORT AND ASKED WHY DID

DEFENDANT JUDGE TERRY WILHELM SIGN THE ORDER OF

PROTECTION IF IT WAS ALREADY PENDING IN SARATOGA.

46.     AS AND FOR A FIFTH CAUSE OF ACTION

47.     PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND

EVERY ALLEGATION CONTAINED IN PARAGRAPHS DESIGNATED

"1" THROUGH "46" ABOVE AS IF SET FORTH AT LENGTH HEREIN.

48.     DEFENDANT JUDGE JENNIFER JENSEN ABUSED HER POWER

AND REFUSED TO READ THE PROPER DATES ON THE APPLICATION

PUT BEFORE HER AND REFUSED TO LET PETER PINTO SHOW HER

DATES AND PUT INTO EVIDENCE THE TAPE RECORDING AND SHE

ONLY COULD HAVE LEARNED THIS FROM DEFENDANT JOSEPH

STANZIONE WHO WAS ONLY PRIVY TO THE INFORMATION THE

DAY BEFORE.

49.     THE MINUTES OF SARATOGA FAMILY COURT DATED

FEBRUARY 26, 2020 CLEARLY SHOW THAT JUDGE JENNIFER A.

JENSEN WAS BIASED AND SHOWED FAVORITISM TOWARD

LUCILLE BERTONE PINTO BECAUSE SHE DIDN'T WANT TO

OBSERVE THE PROPER DATES PETER PINTO PRINTED ON THE

APPLICATION IN FAMILY COURT.

50.     SHE FINALLY IN FRUSTRATION LET THE CAT OUT OF THE BAG

AND SAID, "THIS IS WHY YOU COULDN'T PROSECUTE LUCILLE

BERTONE PINTO IN GREENE COUNTY BECAUSE YOU COULDN'T

PROVE SHE HANDLED THE BULLETS". THIS INFORMATION COULD

HAVE ONLY COME FROM DEFENDANT DISTRICT ATTORNEY

JOSEPH STANZIONE BECAUSE WE NEVER WENT TO THE GREENE

COUNTY POLICE OR SHERIFF'S OFFICE.  MY ATTORNEY ONLY TOLD

GREENE COUNTY DISTRICT ATTORNEY A DAY OR TWO BEFORE WE

WENT TO SARATOGA FAMILY COURT THAT WE HAD LUCILLE

BERTONE PINTO ON TAPE STATING THAT LUCILLE BERTONE WAS

HANDLING THE BULLETS ON TAPE.  JUDGE JENNIFER A. JENSEN

WOULD NOT READ THE PROPER DATE ON THE APPLICATION SO

SHE SAID SHE WOULD NOT PUT THE TAPE RECORDING IN

EVIDENCE.  THIS TACTIC COULD ONLY RESULT FROM A CALL FROM

DEFENDANT GREENE COUNTY DISTRICT ATTORNEY JOSEPH

STANZIONE.  WE ARE HAVING PHONE RECORDS PULLED FROM

BOTH DEFENDANT SARATOGA FAMILY COURT JUDGE JENNIFER A.

JENSEN, HER LAW CLERK AND SECRETARY, AND DEFENDANT

GREENE COUNTY DISTRICT ATTORNEY JOSEPH STANZIONE AND

HIS ASSISTANT DISTRICT ATTORNEY AND OFFICE SECRETARY AND

CLERK.

51.      WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AGAINST

THE DEFENDANTS FOR ONE HUNDRED FIFTY MILLION

($150,000,000) AND NO/100 DOLLARS, FOR PUNITIVE DAMAGES,

ATTORNEY FEES AND COSTS AND AN INJUNCTION AGAINST

DEFENDANTS PROHIBITING DEFENDANTS FROM KEEPING OR

TAKING PLAINTIFF'S GUNS TOGETHER WITH SUCH OTHER AND

FURTHER RELIEF AS TO THIS COURT MAY SEEM JUST AND

PROPER.

DATED:    AUGUST 7, 2020

*PETER PINTO*

_____

PETER PINTO

VERIFICATION

STATE OF NEW YORK)

COUNTY OF DUTCHESS) SS.:

PETER PINTO, BEING DULY SWORN, DEPOSES AND SAYS THAT HE
IS THE PLAINTIFF IN THE WITHIN PROCEEDING, HE HAS READ THE
FOREGOING COMPLAINT THAT THE SAME IS TRUE TO HIS OWN
KNOWLEDGE EXCEPT AS TO THE MATTERS THEREIN ALLEGED TO BE
UPON INFORMATION AND BELIEF AND AS TO THOSE MATTERS HE
BELIEVES THEM TO BE TRUE.

*PETER PINTO*

_____

PETER PINTO

SWORN TO BEFORE ME THIS 7TH DAY OF

AUGUST, 2020

*PAMELA J. GABIGER*

_____

NOTARY PUBLIC QUALIFIED IN DUTCHESS COUNTY

COMMISSION EXPIRES 5/4/2023 01GA4891675